# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LUMENATE TECHNOLOGIES, LP,

        Plaintiff,

v.

DANIEL BAKER, et al.,

        Defendants.

Case No. 1:14-cv-00125-TSB

Judge Timothy S. Black

## STIPULATED PROTECTIVE ORDER

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1. *Applicability of This Protective Order.* All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2. *Use of Information Produced Pursuant to This Order.* Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "CONFIDENTIAL" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom such information is produced solely for the purpose of litigating this case. Such information shall not be used by or disclosed to any person or entity other than the receiving party for any use or purpose, unless such use or disclosure is authorized by this Protective Order, otherwise agreed in writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is

1

referred to as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3. ***Confidential Information Designation.*** A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action, and is or contains confidential research, development, or commercial information of the Designating Party.

4. ***Designating and Marking Confidential Material.*** Confidential Material shall be designated and marked as follows:

   a. A document is to be designated as Confidential Material by stamping or writing on it the following legend, or an equivalent thereof: "CONFIDENTIAL." The legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

   b. Information or material produced in a magnetic medium (such as floppy diskette, compact disc, or tape) is to be designated as Confidential Material by marking or labeling the medium or medium container with the legend specified in subsection 4(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the person or entity producing such copy as Confidential Material in accordance with the marking on the medium or medium container.

   c. A physical exhibit is to be designated as Confidential Material by affixing to it a label with the legend specified in section 4(a) above.

   d. A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, the legend specified in subsection 4(a) above.

   e. In producing original files and records for inspection, no marking need be

made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

        f.      Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within ten days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL." The letter or other notice shall cite this Protective Order, identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be designated as Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 4(a) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order.

If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

Each deposition transcript shall be treated as if designated "CONFIDENTIAL" during the ten day period after receipt of the transcript by counsel for the Designating Party during which time counsel for the Designating Party may identify "CONFIDENTIAL" information from the transcript.

5. ***Inadvertent Misdesignation.*** A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or marks an item with an incorrect designation of confidentiality at the time of the production shall have fifteen business days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, marked as "CONFIDENTIAL." Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

6. ***Disclosure of "CONFIDENTIAL" Materials.*** Information and material designated as "CONFIDENTIAL" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

    a. Counsel of record for the parties to this litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel; and appellate counsel should any party lodge an appeal.

    b. Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation together with their clerical or support personnel, provided that: (i) the party for whom the consultant or expert has been retained discloses the identity of the consultant or expert to the other parties seven days before disclosing Confidential Material to the expert or consultant, so an opposing party may object to the disclosure of Confidential Material to the consultant or expert; and (ii) each consultant or expert executes a copy of the Consent attached to this Order before receiving any Confidential Material. An opposing party may object in writing to the other party's consultant or expert only if the consultant or expert is an employee of a competitor of the objecting party. If such objection is made, the consultant or expert shall not be provided with Confidential Material unless and until the party wishing to disclose the material to the consultant or expert moves for and obtains appropriate relief from the Court;

    c. Representatives of the parties who agree to abide by the terms of this order by first signing the CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER;

4

      d.      The Court, Court personnel and court reporters;

      e.      Deposition witnesses, where at least one of the following conditions applies:

      i.      the witness is an employee of the Designating Party when the disclosure is made;

      ii.      The witness is a party, an employee of one of the parties, or was an employee of one of the parties at the time the document was created;

      iii.      the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

      iv.      the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material;

      v.      the Designating Party has consented on the record of the deposition to the showing of the Confidential Material to the witness; or

      vi.      the witness is otherwise authorized hereunder to receive the disclosed Confidential Material.

9. ***Use of Confidential Material by Designating Party.*** Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to representatives of that Designating Party, including any past or present officer, director, employee, or representative thereof.

10. ***Jurisdiction.*** Each person receiving Confidential Material under the terms of this Protective Order and executing a copy of the Consent hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. ***Protecting Confidential Materials.*** Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and

5

dissemination of such material, to avoid any intentional or inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Protective Order.

      12.    ***Challenging Designation of Materials as Confidential.***  A party may challenge the designation of Confidential Material only as follows:

      a.    If a party believes that material designated by another party as "CONFIDENTIAL" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

      b.    If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Designating Party bears the burden to establish that the contested material is entitled to the level of confidentiality attributed to it by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge.

      13.    ***Submitting Confidential Materials to the Court.***  Confidential Material may be submitted to the Court only as follows:

      a.    A party who lodges or files any paper, pleading, exhibit, or other document containing Confidential Material shall state on the first page of the document containing such Confidential Material that the document contains Confidential Material and is submitted under seal. Any document that is filed in opposition or reply to any such sealed document and discusses, describes, or quotes any portion of the Confidential Material contained in the sealed document shall itself be filed under seal.

      b.    A party who files any document containing Confidential Material shall submit it in a sealed envelope that bears the caption of this case and the following legend:

6

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

14. *Conclusion of Litigation.* All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of Confidential Material, other than that which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

15. *Use of Confidential Material During Court Proceedings.* If any Confidential Material is used in any pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* or closed proceedings. The terms of this Protective Order do not apply to the use of documents at trial.

16. *Improper Disclosure of Confidential Materials.* If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information,

7

and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

17. *No Admissions.* Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

18. *Modification of Protective Order.* Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Consent, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

**SO STIPULATED:**

Dated: 2/24/14                     By: /s/ Eric K. Combs
                                   Eric K. Combs
                                   **DINSMORE & SHOHL LLP**
                                   Eric K. Combs
                                   255 E. Fifth Street, Suite 1900
                                   Cincinnati, Ohio 45202
                                   Telephone: 513-977-8677

                                   Counsel for Defendants

Dated: 2/24/14                     By: /s/ Russell S. Sayre
                                   Russell S. Sayre
                                   **TAFT, STETTINIUS & HOLLISTER LLP**
                                   425 Walnut Street, Suite 1800
                                   Cincinnati, OH 45202
                                   Telephone: (513) 381-2838

                                   Counsel for Plaintiff Lumenate Technologies, LP


**IT IS SO ORDERED:**

Dated: 2/25/14

_Timothy S. Black_
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LUMENATE TECHNOLOGIES, LP,

        Plaintiff,

v.

DANIEL BAKER, et al.,

        Defendants.

Case No. 1:14-cv-00125-TSB

Judge Timothy S. Black

## CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the protective order in this action. I have carefully read and understand the provisions of the protective order.

3. I will comply with all of the provisions of the protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for purposes of this action, any Confidential Material which I receive in this action. I understand that any unauthorized use or disclosure of the Confidential Material I receive constitutes a violation of this Protective Order which may be redressed by an appropriate remedy, including, but not limited to contempt of court.

14078325.1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ____ day of _____, 2014, at _____.

_____