UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DATA PROCESSING SCIENCES, | : | Case No. 1:14-cv-740 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| LUMENATE TECHNOLOGIES, LP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' COUNTERCLAIM (Doc. 13)**

This civil action is before the Court on Plaintiff's motion to dismiss counterclaims (Doc. 13) and the parties' responsive memoranda (Docs. 19, 21).[1]

### I. FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

The Asset Purchase Agreement ("APA") entered into and executed by DPS, as seller, and Lumenate Technologies, LP, as buyer, provides for a deferred payment of the $4.5 million purchase price over three years. The deferred payment commitment was contained in a separate promissory note payable to DPS on which both Lumenate Technologies and its parent LLC, were the makers.

---

[1] Plaintiff requested oral argument. (Doc. 13 at 1). The Court finds the pleadings are clear on their face, and that oral argument and/or an evidentiary hearing is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, at *7 (S.D. Ohio July 27, 2006) (C.J. Dlott) ("Local Rule 7.1(b)(2) leaves the court with discretion to grant a request for oral argument.").

Defendants'[2] counterclaim asserts that prior to any monies becoming due under the promissory note, Plaintiff materially breached the APA, thereby excusing Lumenate from some or all of its obligations under the promissory note.

Plaintiff moves to dismiss Defendants' counterclaims because: (1) the sole claim set forth in Lumenate Technologies' counterclaim is subject to arbitration under Section 8.6 of the APA; and (2) with regard to Lumenate, LLC's counterclaim, no viable claim is stated because Lumenate, LLC is not a party to the APA.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing

---

[2] Defendants include Lumenate Technologies, LP and Lumenate, LLC.

*Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2))

### III. ANALYSIS

Plaintiff argues that Defendants' counterclaim must be dismissed because it is subject to arbitration.

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue.  *Stout v. JD Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).  Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state

substantive or procedural policies to the contrary"). Any ambiguities in the contract or doubts as to the parties' intensions should be resolved in favor of arbitration. *Stout*, 228 F.3d at 714. When considering whether to stay the proceedings and compel arbitration, a court has four tasks: (1) it must determine whether the parties agreed to arbitrate; (2) it must determine the scope of the arbitration agreement; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout*, 228 F.3d at 714.

Defendants' counterclaim, which alleges a breach of the APA, cannot be heard by this Court on its merits because the APA provides that any claim for indemnity must be arbitrated. (APA at § 8.6). Defendants do not contest that their counterclaim is subject to arbitration. (Doc. 19 at 13). Accordingly, this Court is required to defer to the parties' contractual agreement.

However, Defendants argue that by litigating its claims in court, Plaintiff waived its right to demand arbitration. "[A] party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010). Plaintiff's complaint asserts a claim on the Note, which is not subject to arbitration. Therefore, Plaintiff cannot have waived its

4

right to demand arbitration on the counterclaim, where its claim could not have been resolved through arbitration.[3] The Note represents a separate and independent legal obligation created under the APA, so Plaintiff had no ability to enforce the Note other than by filing its lawsuit. The Note does not have an arbitration clause, nor does it directly or impliedly incorporate the APA's arbitration clause.

The amount owed under the Note cannot be fixed without a determination of Defendants' set-off rights. Section 8.3(c) of the APA states that "[t]he sole recourse by any Buyer Indemnified Party [Lumenate Technologies LP and Lumenate, LLC] with respect to indemnification from Seller…shall be by setoff against the Note, and any Buyer Indemnified Party's exclusive rights and remedies with respect to any Claim shall be as set forth in this Article 8." Accordingly, Defendants are entitled to present their claim for setoff in Plaintiff's lawsuit on the Note. Moreover, the arbitrable claims for offsets against the Note are also affirmative defenses. Plaintiff cannot tie Defendants' hands on its defenses by making Defendants assert them in a separate proceeding at some other time. By suing on the Note, Defendants had no choice but to raise their affirmative defenses and compulsory counterclaim.

Case law indicates that "neither the doctrine of *res judicata* nor the rules of compulsory counterclaims prevents the arbitration of the issues [omitted as compulsory counterclaims that were subject to arbitration]." *Bristol Farmers Market v. Arlen Realty*

---

[3] Defendants cite *KenAmerican, Inc. v. Potter Grandchildren, LLC*, 916 F. Supp.2d 799 (E.D. Ky 2013), claiming that it found waiver under facts nearly identical to those here. However, *KenAmerican* is inapposite because the waiver involved the plaintiff suing on the contract that contained the arbitration provision.

5

*& Devel. Corp.*, 589 F.2d 1214 (3rd Cir. 1978). Accordingly, the counterclaim must be arbitrated.[4] Therefore, this Court **STAYS** this action pending arbitration.[5] The Court **COMPELS** Defendants to arbitrate the counterclaim and affirmative defenses pursuant to the APA. If Defendants have not initiated an arbitration within **30 days** of the date of this Order, the Court shall lift the stay.[6]

### IV. CONCLUSION

For these reasons, Plaintiff's motion to dismiss (Doc. 13) is **DENIED**, Defendants' claims are **ORDERED** to arbitration, and this civil action is **STAYED**.[7] Additionally, Plaintiff's motion for summary judgment (Doc. 3), Defendants' motion to

---

[4] Plaintiff also alleges that Defendant Lumenate, LLC, lacks standing to assert a counterclaim for Plaintiff's alleged breaches of the APA. While this argument is irrelevant given the fact that the case has been stayed pending arbitration, Lumenate alleged sufficient facts to establish, for purposes of a Rule 12 motion, that it is a formal party to the agreement. Specifically, Lumenate, LLC is the general partner of the buyer, Lumenate Technologies, L.P. In Ohio, the general partner of a limited partnership is jointly and severally responsible for partnership obligations. Ohio Rev. Code § 1782.24(b) ("Except as otherwise provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners."). In fact, the APA expressly states that it applies to both Lumenate Technologies, L.P. and Lumenate, LLC: "This Agreement…constitutes a valid and binding agreement of Buyer and its general partner enforceable against Buyer and its general partner in accordance with its terms, subject to…general equitable principles."

[5] Plaintiff cannot expect this Court to move forward with its claims when Defendants' affirmative defenses and compulsory counterclaim are subject to arbitration. With respect to the issue of staying or dismissing the matter, the Court has discretion to choose either course of action. *See* 9 U.S.C. § 3 (mandating courts to stay proceedings pending completion of arbitration); *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 U.S. App. LEXIS 26600, at *4 (6th Cir. Oct. 19, 1999) (permitting courts to dismiss actions in which all claims are referred to arbitration). "[I]t would be an inefficient and duplicative use of time and effort for this Court and the litigants if the parties are required to proceed in two forums at once." *Patnik v. Citicorp Bank Trust FSB*, 412 F. Supp.2d 753, 762 (N.D. Ohio 2005).

[6] Plaintiff argues that if the Court were to grant a stay, Defendants would, as a practical matter, be able to delay Plaintiff's recovery of the amount due to it on the Note indefinitely, by simply never commencing an arbitration.

[7] Counsel shall notify the Court when arbitration is complete and the stay can be lifted.

Case: 1:14-cv-00125-TSB Doc #: 68 Filed: 12/31/14 Page: 7 of 7  PAGEID #: 1677

consolidate (1:14cv740 at Doc. 5 and 1:14cv125 at Doc. 45), and Defendants' motion to defer consideration of Plaintiff's motion for summary judgment (Doc. 12) are **DENIED** as **MOOT**.

      **IT IS SO ORDERED**.

Date:  12/31/14                                                      *s/ Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge