UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUMENATE TECHNOLOGIES, LP,                Case No. 1:14-cv-125

    Plaintiff,                                              Judge Timothy S. Black

vs.

DANIEL BAKER, *et al.,*

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE (Doc. 161)**

This civil action is before the court on Plaintiff's motion *in limine* (Doc. 161) and the parties' responsive memoranda (Docs. 164, 180).

## I.    BACKGROUND

Pursuant to Federal Rules of Evidence 104, 401, and 402, Plaintiff moves the Court to exclude from admission at trial all evidence, arguments, and questioning regarding alternative causation theories for why Lumenate lost customers and/or revenue. Lumenate maintains that this Court's Order resolving motions for partial summary judgment (Doc. 149), resolved the question of why certain customers left Lumenate and determined as a matter of law that Lumenate's damages were caused by the "Individual Defendants'" breaches of their DPS Agreements.[1]  Lumenate claims that re-litigating this decided issue would needlessly prolong the trial and could lead to inconsistent results.

---

[1] The "Individual Defendants" include Defendants Baker, Anderson, and Hahn.

Plaintiff's Amended Complaint alleges claims for: conspiracy, misappropriation of trade secrets, breach of non-compete agreements, tortious interference with contractual relations, tortious interference with business relations, breach of fiduciary duty, and computer fraud and abuse. (Doc. 39). The Order granting partial summary judgment only pertains to Count Three, breach of the non-compete agreements. (Doc. 149). The other eleven counts, including all the claims against Defendants Trebbi and RDI, were not the subject of any dispositive motion. Nevertheless, Lumenate contends that this "Court's causation ruling also applies to the remainder of [its] claims and should bar Defendants from disputing causation." (Doc. 161 at 6, n. 6). Furthermore, Lumenate claims that while Defendants should not be permitted to present evidence regarding causation, it "still retains the right to present evidence at trial of how Defendants caused customers to leave, as such evidence is relevant to Lumenate's other claims, including but not limited to, its unfair competition, tort, and punitive damages claims." (*Id.* at 2).

## II. STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Generally, "[m]otions *in limine* are…used to…eliminat[e] evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial.

*Luce v. United States*, 469 U.S. 38, 41-42 (1984). "Courts are generally reluctant to grant broad exclusions of evidence *in limine* because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Ohio Willow Wood Co. v. ALPS South, LLC*, No. 2:04cv1223, 2014 U.S. Dist. LEXIS 103107, at *5 (July 29, 2014 S.D. Ohio). "This presumption is particularly strong in a bench trial." *Id.*

Similar to other evidentiary rulings, the decision to grant or deny a motion *in limine* is within the sound discretion of the trial court. *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 852 (7th Cir. 1998). However, "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Rather, motions *in limine* are "generally confined to very specific evidentiary issues of an extremely prejudicial nature." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015). If the evidence is not plainly inadmissible on all potential grounds, the Court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co.*, 326 Supp. 2d at 846.

### III. ANALYSIS

With respect to the claim for breach of the non-compete agreements, Lumenate was required to prove: (1) the existence of a contract; (2) breach by Defendants; (3) causation; and (4) damages. (Doc. 149 at 12) (citing *Palmer-Donavin Mfg. Co. v. Rheem Sales Co.*, No. 2:14cv91, 2014 U.S. Dist. LEXIS 82993, at *10 (S.D. Ohio 2014)). This Court ruled in Lumenate's favor on the first three elements, holding as a matter of

law that: (1) Lumenate can enforce the DPS Agreements against the Individual Defendants; (2) the Individual Defendants breached their respective DPS Agreements by competing with DPS/Lumenate, soliciting DPS/Lumenate's customers and employees, and by using and retaining DPS/Lumenate's confidential information; and (3) the Individual Defendants' breaches caused the damages Lumeante seeks to recover. (Doc. 149 at 15-19). While the amount of Lumenate's recoverable damages is a disputed issue of fact that must be adjudicated at trial, the cause of Lumenate's damages with respect to the Individual Defendants' breach of the non-compete agreements has already been determined. (Doc. 149 at 18) ("Here, there is undisputed evidence directly tying Lumenate's damages to the Defendants' breaches of their non-compete obligations."); (*id.* at 19) ("The exact amount of damages is a disputed issue of fact that will be determined at trial").

Lumenate argues that any evidence or argument supporting alternative and speculative causation arguments should be excluded from the trial because the amount of Lumenate's damages is the only remaining issue. While the Court ruled that Lumenate proved causation as a matter of law with regard to its breach of contract claim against the Individual Defendants, Lumenate also asserts numerous other causes of action. The Court's breach of contract causation ruling does not bar Defendants from disputing causation as to the other causes of action. If Lumenate wanted to avoid the burden of establishing its claims at trial, it should have requested such relief at the summary judgment stage. Moreover, since this is a trial to the bench, without the risk of jury

4

confusion, the best course is for the Court to hear the evidence and determine what is relevant to the causation element of each claim.

## IV. CONCLUSION

Accordingly, for these reasons, Plaintiff's motion *in limine* (Doc. 161) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants are precluded from re-alleging arguments that this Court has already considered (causation as to the breach of the non-compete agreements), but may present alternative causes for claims not yet adjudicated by this Court.

**IT IS SO ORDERED**.

Date: 7/19/16               *s/ Timothy S. Black*
                            Timothy S. Black
                            United States District Judge